UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BILLY CHAD REESE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:13-CV-82-JRG |
| | ) | 2:11-CR-36-JRG-MCLC-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 100]. During the pendency of the petition, Petitioner filed two requests for leave to amend his petition [Doc. 119, 132] and one request to "strike and amend" an earlier response to the Court's show cause order [Doc. 128]. During that same period, the government filed both an initial and an amended response in opposition to collateral relief [Docs. 124, 135]; Petitioner replied to each in turn [Docs. 127, 136]. For the reasons discussed below, Petitioner's first motion for leave to amend [Docs. 119] will be **DENIED,** his second motion for leave to amend [Doc. 132] will be **GRANTED**, and the amended § 2255 motion [Doc. 100, 132] will be **DISMISSED WITH PREJUDICE.** Petitioner's motion to "strike and amend" [Doc. 128] will be **GRANTED IN PART** and **DENIED IN PART as moot**.

**I. BACKGROUND**

In 2010 and 2011, Petitioner and others stole credit and debit cards from automobiles parked in the Great Smoky Mountains National Park and Pisgah National Forest, fraudulently using those cards to obtain merchandise at convenience stores [Doc. 49 ¶ 5]. While investigating those thefts, law enforcement officers obtained and executed search warrants for Petitioner's

residence and his mother's residence [*Id.*]. In addition to finding stolen items, officers also discovered firearms and ammunition that Petitioner had previously possessed [*Id.*].

Petitioner later pled guilty to using an unauthorized access device and obtaining over $1,000 during a one-year period, in violation of 18 U.S.C. § 1029(a)(2); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶¶ 1, 4]. He went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," unless it involved "ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 16(b)]. The probation officer ultimately classified Petitioner as an armed career criminal under 18 U.S.C. § 924(e)—the Armed Career Criminal Act ("ACCA")—subject to that provision's mandatory fifteen-year term of imprisonment based on Petitioner's seven prior Tennessee aggravated burglary convictions [Presentence Investigation Report ("PSR") ¶¶ 62, 69, 102]. Prior to sentencing, however, the United States moved for a downward departure from the statutory minimum pursuant to 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance to law enforcement authorities [Docs. 64, 65]. The Court granted the government's motion, sentencing Petitioner to 132 months' imprisonment on January 26, 2012 [Doc. 75]. No appeal was taken.

Over thirteen months later—on March 12, 2013—Petitioner filed a § 2255 motion in which he alleged that his counsel had been ineffective in various ways and that Petitioner had been improperly sentenced as an armed career criminal in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Docs. 100, 108]. On July 3, 2013, this Court ordered Petitioner to show cause as to why the petition should not be dismissed as untimely [Doc. 108 (noting that the petition was filed more than a year after Petitioner's underlying conviction and sentence had become final under § 2255(f)(1))]. Petitioner replied in accordance with the Court's order, following that reply with the first of two proposed amendments to his original petition on June

2

15, 2014 [Doc. 119 (reorganizing grounds previously asserted in original petition and asserting new arguments regarding the timeliness of those grounds under § 2255(f))]. The government responded on November 24, 2014, requesting the Court dismiss Petitioner's original § 2255 motion and subsequent amendment as untimely and meritless [Doc. 124]. On January 12, 2015, Petitioner field "a motion for leave to strike and amend [his] response to [the] show cause order," asking the Court for leave to amend his earlier response to the show cause order and to only consider the grounds for relief as they are organized in the June 15, 2014 amendment [Doc. 128 p. 4 (requesting his "initial memorandum in support of the [petition] . . . not [be] considered")].

Ten months later—on August 17, 2015—Petitioner filed what the Court interprets to be his second proposed amendment to the original § 2255 petition [Doc. 132]. Specifically, Petitioner requests permission to raise a novel ground of collateral attack based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the ACCA as unconstitutionally vague [*Id.*]. The Government responded in opposition [Doc. 135] and Petitioner replied to the government's amended response [Doc. 136].

II.     NON-DISPOSITVE MOTION

On January 12, 2015, Petitioner filed a motion "to strike and amend [his earlier] response to the show cause order and to strike the initial memorandum" [Doc. 128]. Specifically, he asks that the Court supplant his earlier response to its show cause order [Doc. 110] with the alternative justifications found in the June 15, 2014 amendment and completely ignore the grounds for relief raised in the original petition in favor of the amended, reorganized grounds found in that same amendment [Doc. 128]. For the reasons outlined below, however, the Court finds both the original petition and June 15, 2014 amendment untimely. As such, it does not reach the merits of either set of arguments. Petitioner's motion "motion to strike and amend"

3

will be **GRANTED** so far as it seeks to amend his earlier response to the Court's show cause order, but will be **DENIED as moot** to the extent that it asks the Court to completely ignore the grounds for collateral relief as organized in the original petition.

## III. TIMELINESS OF PETITION AND AMENDMENT

### A. Timeliness of Petitioner's § 2255 Petition and Amendments

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 U.S. Dist. LEXIS 48381, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of his petition [Doc. 100] and later amendments [Docs. 119, 132] thus depends on whether the documents were submitted in compliance with subsections (f)(1) and (f)(3).

4

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on February 9, 2012, fourteen days after the Court entered judgment on January 26, 2012. *See* Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed).[1] The window for requesting timely relief under subsection (f)(1) began to run on that date, expiring on February 9, 2013.

1. **Timeliness of Original March 12, 2015 Petition**

The initial § 2255 petition articulates two grounds for collateral relief, ineffective assistance of counsel [Doc. 100 p. 4; Doc. 101 pp. 4–6] and improper classification as an armed

---

[1] Petitioner mistakenly calculates the start § 2255(f)(1)'s statutory window based on the ninety-day period for filing a writ of certiorari under Supreme Court Rule 13 [Doc. 100 p. 12 (noting the Court entered judgment on or around January 20, 2012 and suggesting the limitations period did not start until the period for requesting Supreme Court review elapsed)]. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (explaining that, when a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing such petition); *see also* Supreme Court Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Failure to file a notice of appeal, however, means that Petitioner's conviction become final after expiration of the fourteen-day period for filing such notice, not the period allowed for requesting a writ of certiorari. *Johnson*, 457 F. App'x at 465.

5

career criminal [Doc. 100 p. 5; Doc. 101 pp. 7–11]. The six theories asserted in support of Petitioner's first ground include trial counsel's failure to: (1) file a notice of direct appeal after being expressly instructed to do so; (2) explain the positives and negatives associated with filing a direct appeal; (3) adequately communicate with Petitioner during the sentencing and appeal processes; (4) object to the inclusion of convictions that were over thirteen years old in the calculation of Petitioner's criminal history; (5) object to categorization of Petitioner's prior convictions as separate predicate offenses instead of a single criminal spree; and (6) object to categorization of several Class C felonies as ACCA predicate Offenses [Doc. 100 p. 4]. In support of the second ground, Petitioner cites *Descamps v. United States* [*Id.* at 5]. To the extent Petitioner argues that this reliance on *Descamps* triggers § 2255(f)(3), the Court disagrees.

Subsection (f)(3) provides an independent one-year window in which a petitioner can request collateral relief based on newly-recognized rights made retroactively applicable on collateral review. 28 U.S.C. § 2255(f)(3). In other words, to trigger the renewed limitations period, the ground for relief must be based on (1) a right newly recognized by the Supreme Court and (2) made retroactively applicable by that same institution. Because Petitioner has failed to demonstrate that *Descamps* satisfies the first prong, the Court need not determine whether it satisfies the second. *Descamps* involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps*, 133 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a

6

newly recognized right within the scope of § 2255(f)(3). *See United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year after the petitioner's conviction became final—was untimely); *United States v. Lawrence*, No. 06-CR-36, 2014 U.S. Dist. LEXIS 121439, at *4 (E.D. Wash. Aug. 29, 2014) ("While the issue of whether *Descamps* created a new right has not been addressed by [any federal court of appeals], district courts have uniformly dismissed that argument."); *United States v. Chavis*, No. 14-C-50122, 2014 U.S. Dist. LEXIS 82730, at *2 (N.D. Ill. June 18, 2014) ("[B]ecause *Descamps* merely affirmed existing Supreme Court precedent it cannot serve as a justification for the application [of § 2255(f)(3)]."); *Harr v. United States*, No. 14-cv-1152, 2014 U.S. Dist. LEXIS 58692, at *3 (C.D. Ill. Apr. 28, 2014) (explaining that *Descamps* "cannot serve as a justification for application of § 2255(f)(3)"). Because *Descamps* did not articulate a new right, the timeliness of Petitioner's original motion hinges on its compliance with § 2255(f)(1).

Petitioner's failure to file the petition until March 12, 2013—several weeks after expiration of subsection (f)(1)'s one-year window on February 9, 2013—leads the Court to conclude that the motion should be deemed untimely absent tolling of the limitations period.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v.*

*Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.")

Review of the original petition [Doc. 100 p. 12 (mistakenly listing the start date of his one-year window as ninety days after entry of the Court's judgment)] in conjunction with Petitioner's response to the July 3, 2013 show cause order [Doc. 110 (reiterating his underlying arguments for collateral relief and listing the constitutional magnitude of the alleged errors as grounds for tolling the statute of limitations)], leads the Court to conclude that Petitioner has failed to identify a single extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under § 2255(f). The record reveals that Petitioner made no attempt to challenge any aspect of his sentence following the final judgment until he filed the § 2255 petition over thirteen months later. *See, e.g.*, *Stovall v. United States*, No. 1:12-cv-377, 2013 U.S. Dist. LEXIS 12937, at *9 (E.D.Tenn. Jan. 31, 2013) (rejecting request for equitable tolling where the petitioner failed to set forth any facts suggesting he had diligently pursued his rights). Further, any difficulty Petitioner had obtaining and reviewing a copy of his PSR is insufficient to toll the limitations period because "misplaced legal papers" fall short of the type of extraordinary circumstance required to trigger equitable tolling. *Atkins v. United States*, 204 F. 3d 1086, 1089–90 (11th Cir. 2000); *see also United States v. Johnson*, No. 7:08-cr-24, 2010 U.S. Dist. LEXIS 7103, at *2 n.3 (W.D. Va. Jan. 28, 2010) ("Where a petitioner claims that the transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling.").

2. **Timeliness of June 15, 2014 Amendment**

Petitioner's June 15, 2014 amendment attempts to accomplish two things, reorganize claims contained in his original petition and articulate new theories under which those arguments might be found timely under § 2255(f) [Doc. 119]. For reasons discussed with respect to the preceding petition, the Court finds Petitioner's amendment untimely under § 2255(f)(1).

When an amendment is untimely, the Court looks to Rule 15(c) of the Federal Rules of Civil Procedure to determine whether the new or proposed claims "relate back" to a timely, original pleading and are thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Because futility of the proposed amendment is a permissible basis on which to deny leave to amend, *see Forman*, 371 U.S. at 182 (noting grant or denial of a motion to amend is within the discretion of the district court), resolution of the motion depends on whether the claims therein relate back to a timely pleading under Rule 15(c).

As discussed above, the original petition is itself untimely. The resulting absence of a timely filing to relate back to necessarily precludes Petitioner's amended grounds—including those that merely reorganize claims previously raised in the petition—from successfully relating back under Rule 15(c). Granting leave to make such amendment would be futile and the motion [Doc. 119] will be **DENIED** accordingly.

9

### 3. Timeliness of August 17, 2015 Supplement

Petitioner's most recent amendment, filed on August 17, 2015, identifies an entirely novel ground for relief based on *Johnson v. United States* [Doc. 132]. Petitioner relies on § 2255(f)(3) to show that his request for *Johnson*-based collateral relief was filed prior to expiration of the statute of limitations [*Id.* at 4–5]. Unlike *Descamps*, however, Sixth Circuit precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *In re Windy Watkins*, No. 15-038, slip op. at 9–10 (6th Cir. Dec. 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, Petitioner's motion falls safely within the one-year window for making a timely request for collateral relief [Doc. 132].

### IV. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### V. ANALYSIS

In his sole timely ground for collateral relief, Petitioner argues *Johnson v. United States*—in which the Supreme Court invalidated the ACCA residual clause as unconstitutionally vague—removed all seven of his aggravated burglary convictions from the scope of § 924(e)'s definition of "violent felony" and, as a result, precludes his continued classification as an armed career criminal under that provision [Doc. 132 pp.1–3].[2] The claim fails for total lack of merit.

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear that its decision did "not call into question . . . the remainder of the

---

[2] The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 135 p. 4]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 49 ¶ 16(b)] it is far from clear that this waiver can be enforced to bar him from challenging a sentence in excess of the maximum authorized by law. *See e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

11

[ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each] conviction[]." *Id.* at 2283 (internal quotations omitted).

A review of Petitioner's PSR reveals that several of his prior convictions categorically qualify as "violent offenses" under ACCA provisions unaffected by *Johnson*. For purposes of the § 924(e) enhancement, the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. Binding Sixth Circuit precedent conclusively demonstrates that all seven of Petitioner's aggravated burglary convictions [PSR ¶ 69 (outlining seven separate aggravated burglary offenses)] fall squarely within the scope of the above definition and, as a result, independently qualify as predicate offenses under the ACCA's enumerated-offense clause. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) (holding that post-1989 Tennessee aggravated burglary categorically qualifies as generic burglary and is, thus, a violent felony

12

under the enumerated-offense clause); *see also United States v. Priddy*, 808 F.3d 676, 683–84, at *5 (6th Cir. Dec. 15, 2015) (finding, post-*Johnson*, that "*Nance* [is] controlling and establish[es] that a Tennessee conviction for aggravated burglary is categorically a violent felony under the ACCA's enumerated-offense clause"); *United States v. Bailey*, No. 14-6524, 2015 U.S. App. LEXIS 12325, at *4 (6th Cir. July 15, 2015) (finding, post-*Johnson*, that "[b]ecause Tennessee aggravated burglary is a generic version of the crime of burglary, it constitutes a violent felony under the ACCA's enumerated-offense clause"); *United States v. Lara*, 590 F. App'x 574, 577 (6th Cir. 2014) (affirming that, under *Nance*, Tennessee aggravated burglary "qualifies as a violent felony under the ACCA").[3] The fact that at least seven of his prior convictions constitute predicate offenses independent of the now-defunct residual clause is fatal to Petitioner's request for collateral relief from his ACCA-enhanced sentence.

## VI. CONCLUSION

For the reasons discussed above, Petitioner's first motion to amend [Doc. 119] will be **DENIED**, second motion to amend [Doc. 132] will be **GRANTED**, and amended § 2255 petition [Doc. 100, 132] will be **DISMISSED WITH PREJUDICE.** Petitioner's motion to "strike and amend" [Doc. 128] will be **GRANTED IN PART** and **DENIED IN PART as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of

---

[3] Even if a modified categorical analysis could be applied to Petitioner's prior Tennessee aggravated burglary convictions, he has failed to submit any evidence that those prior convictions involved non-generic burglaries.

appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
