UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | No. | 2:11-cr-36-JRG-MCLC-1 |
| | ) | | |
| BILLY CHAD REESE | ) | | |

### MEMORANDUM OPINION

This case is before the Court upon remand from the United States Court of Appeals for the Sixth Circuit for resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) *cert. granted* 138 S. Ct. 1592 (2018). The Court has been instructed to resentence Billy Chad Reese ("Defendant") without the sentencing enhancement he previously received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) [Doc. 161].

By Order entered May 21, 2018, the Court appointed Federal Defender Services of Eastern Tennessee to represent Defendant in all resentencing proceedings and the parties were directed to submit a joint status report setting forth what each party believes to be the most appropriate form of sentencing relief [Doc. 164]. On July 6, 2018, the parties submitted an amended joint status report indicating that they are in agreement that the most appropriate relief would be to correct Defendant's custodial sentence to time served on both counts of conviction [Doc. 168]. The Court agrees with the parties' proposal and will resentence Defendant accordingly.

**I. BACKGROUND**

On April 12, 2011, Defendant was charged in a five-count indictment with various fraud offenses and a firearms offense [Doc. 3]. On August 11, 2011, Defendant pled guilty to Count One of that indictment, charging him with the knowing use of unauthorized access devices with

intent to defraud, in violation of 18 U.S.C. § 1029(a)(2), and Count Five, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 50].[1]

A presentence investigation report ("PSIR") identified seven previous convictions for aggravated burglary under Tennessee Code Annotated § 39-14-403 that qualified Defendant as an armed career criminal under the ACCA [PSIR at ¶ 69]. On January 26, 2012, Defendant was sentenced to a term of imprisonment of 120 months on Count One and, in light of the granting of the government's motion pursuant to 18 U.S.C. § 3553(e), a term of imprisonment of 132 months on Count Five, to be served concurrently, to be followed by a term of supervised release of three years on Count One and five years on Count Five, to be served concurrently [Doc. 75 at 2–3]. Defendant did not file a direct appeal.

In 2013, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 100], which later was amended to add a claim challenging his enhanced sentence as an armed career criminal under the ACCA pursuant to *Johnson* [Doc. 132].[2] Defendant's § 2255 motion, as amended to include his *Johnson* claim, was denied by the Court on March 16, 2016, [Docs. 137, 138] in light of then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under § 39-14-403 qualifies as an ACCA predicate conviction under the enumerated-offense clause of the ACCA. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). Defendant appealed.

---

[1] The remaining three counts of the indictment were dismissed pursuant to a plea agreement [Doc. 49].

[2] In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

While Defendant's appeal was pending the Sixth Circuit Court of Appeals overruled *Nance* in *Stitt* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" because it encompasses vehicles and movable enclosures that fall outside the generic definitional sweep of "building or other structure," and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically encompasses conduct broader than generic burglary, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862. In light of *Stitt*, the Sixth Circuit vacated this Court's denial of Defendant's § 2255 motion and remanded the case with instructions to resentence Defendant without the ACCA enhancement [Doc. 161].

## II. DISCUSSION

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the

3

"enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In this case, all seven of Defendant's prior convictions were for aggravated burglary in violation of Tennessee Code Annotated § 39-14-403 [PSIR ¶ 69]. Because *Stitt* holds that a conviction for aggravated burglary does not qualify as a violent felony under the enumerated-offense clause, and *Johnson* invalidated the residual clause, Defendant's aggravated burglary convictions no longer can be used as predicate offenses under the ACCA.[3] Absent those convictions, he no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that Defendant no longer can be designated an armed career criminal under § 924(e) and, as a result, the 132-month term of imprisonment and 5-year term of supervised release imposed by the Court on Count 5 of the indictment exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. §§ 924(a)(2); 3559(a)(3) and 3583(b)(2).

The parties agree that, without the ACCA enhancement, Defendant has an advisory Guidelines range of 27 to 33 months' imprisonment, based on a total offense level of 14 and criminal history category of IV [Doc. 168 at 2]. According to the Bureau of Prisons, petitioner has served 80 months in custody [*Id.*]. The parties submit that the appropriate form of sentencing relief in this case would be to reduce Defendant's custodial sentence to time served at both counts

---

[3] Aggravated burglary also does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA either.

of conviction and to reduce the term of supervised release imposed at Count Five to 3 years [*Id*.]. The Court agrees that a corrected sentence is the most appropriate form of relief in this case and finds the parties' proposal to be reasonable. An order to that effect will enter accordingly.

### III. CONCLUSION

The Sixth Circuit Court of Appeals has remanded this case to this Court with instructions to resentence Defendant without the sentencing enhancement he previously received under the ACCA [Doc. 161]. The parties have recommended that a reduction in Defendant's custodial sentence to time served at both counts of conviction would be the most appropriate form of relief in this case [Doc. 168]. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that such a term is sufficient but not greater than necessary to achieve the statutory purposes of sentencing set forth in § 3553(a)(2), and, therefore, will correct and reduce Defendant's term of imprisonment to a sentence of "time served" on both Count One and Count Five of the indictment. While Defendant is entitled to discharge from custody, this order will not take effect until 10 days from its entry so as to give the Bureau of Prisons time to process Defendant's release. Further, the Judgment imposed on January 26, 2012 [Doc. 75], will be amended to reflect a reduced term of supervised release of 3 years on Count Five of the indictment. In all other respects, the Judgment imposed on January 26, 2012, shall remain in full force and effect.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

                                      s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE